The next case is United States v. Cox, and we are going to hear first from Mr. Haley. May it please the court, my name is Bob Haley. I'm an assistant federal public defender in Charleston, South Carolina, and I represent Mr. Cox. It seems to me that the central issue before this court is what does the phrase for the purpose of mean? Secondly, your honor, if I'm correct that that is the central issue, then the issue becomes was there any evidence to support Judge Norton's finding that the photographs that were produced in this case were for or that the sexual activity was for the purpose of producing the 46 photographs that were in evidence in this court? Your honors, what it seems to me is if you review the pre-sentence report, we are focused upon paragraphs 11, 12, and 13, because that's what Judge Norton cited to in his determination of the findings of facts. There is, and there is contained in the discussion at sentencing, this notion of whether or not Mr. Cox was convincing Ms. Gillum to pose for these photographs to pursue, quote, a modeling career. And this court has said in the past that a based on, quote, any conduct in the record that independently and properly should result in an increase in the offense level. But there's a couple of things I want to point out. First off, the issue of modeling that I think the government is going to raise pretty strenuously in this argument is not cited by Judge Norton as support for the enhancement. It's not cited in the It contains, it is contained within one sentence in the government's brief. And in the cases that this court has reached out for other evidence in the record, Gen Wright and, forgive me if I mispronounce this, Otuyu, the evidence that this court reached out to find in the record was evidence that was subject, that had been tested, been tested at cross-examination. In fact, the evidence in both of those cases arose as a result of a trial. In this case, you do not have that. It's not even, this business of modeling, it's not even in Ms. Gillum's victim impact statement. So the only thing you have it. What you have is, how old was the appellant? I think between the ages of 12 and 14, Your Honor. Yes, but how old was, and how old was the appellant? Mr. Cox is in his 50s. Right, okay. So what you have is a 50 year old man giving alcohol to a 12 and 13 year old girl and threatening and coercing her to engage in sexually explicit conduct, which is defined to include the exhibition of the genitals, and taking photographs of it, and then engaging himself in sexual activity. I don't disagree, Judge Thacker, but the question is, was it for the purpose of producing those photographs? And that's what's missing, Your Honor, in every case that has addressed this issue. No, it's not. How is it missing? Because it's clearly for the purpose, the sexually explicit conduct was clearly for the purpose of taking the pictures, because he would not have, he would not have photographed his 12 year old niece had she been clothed. The only reason that he, the only reason that he photographed her was because she was stripped naked, and the reason that he had the, the reason that he had her stripped naked was that he could take pictures, and if she hadn't been naked there would have been no pictures. And it's, so the sexually explicit conduct here is the requirement that she's stripped naked and teaching her how to and the purpose element is satisfied by the fact that the sexually explicit conduct was the, that was the reason, that was the reason he, that was the whole reason he took the pictures. Actually, Judge Wilkinson. If she'd been dressed there wouldn't have been a single visual depiction. They were all of her naked, they were all of her in a, in a sexually explicit pose. I don't disagree, Judge Wilkinson, but the, the matters which you say today are facts are not present in the record. Those conclusions, those factual conclusions may in fact be entirely correct, but they are not in the record. They were not proven by a preponderance of the evidence, and therein lies the fatal weakness. Secondly, Your Honor, for the purpose, granted it's, excuse me, were the 46 pictures that were turned over to investigators by the man's own daughter, were they in the record? I bet they were. They're not in the record before us, but let me be candid with you. Were those pictures in the record before the district court? Oh yes, yes. Well then you can draw inferences, I mean facts, fact finders, you know, they, they draw inferences all the times. I mean, that's what fact finders do. When you look at that cache of pictures, of course you can draw inference. It did, number one, you don't even have to draw an inference to know that it's sexually explicit conduct, and it's a perfectly reasonable inference to know why he had her pose the way she did. Well, Judge Wilkinson, I beg to disagree, respectfully. Okay. Because quite, to put it bluntly, the government bears the burden at sentencing by a preponderance of the evidence. In this case, it's not in the record. I'm looking at the paragraphs of the pre-sentence report that you directed us to, 11, 12, and 13. It's, it's all there. No, Your Honor. It's not there. The modeling is not there. The sexually, what you have is sexually explicit conduct and photos being taken of it. And the question then becomes, however, is whether or not that sexually explicit conduct was for the purpose of producing those photographs. I don't think the district court relied on the modeling evidence. It didn't rely on it at all. It relied on the summary that Judge Thacker provided, which included the fact that your client dated the photographs and kept them for a number of years. I get your point that there may not be any direct evidence as to purpose, but generally and typically there isn't. You have to rely on the evidence to make inferences, as Judge Wilkinson pointed out. Well, Judge Diaz. Why isn't it reasonable to infer that at least one of your client's purposes in this case was to do exactly what the guidelines prohibited? Let me suggest Judge Diaz two responses. First off, in every case that the government cited in its brief, in every case that I cited this court to in my brief, and indeed prior to coming up here doing another search for the last ten years, every case that cites this enhancement had something more than simply the videotape or the photographic evidence. The guideline says, no, no, your honor, I apologize, to oppose news so that I can take a psychiatrist so I can make a video depiction of it. Do we have to, seems to me you're saying we have to have that on some sort of tape. No, your honor, I'm not. Actually have him expressing that, but that can't be right. Your honor, I'm not suggesting that, but what I am suggesting is if you look at all the cases and the facts of those cases, there is always present something more than simply just the photographs. And for the guideline to have something more? Well, for example, in a number of cases you have chats going on back and forth where the defendant is trying to convince the victim to pose. In other cases you have defendants providing cameras. In other cases you have defendants... He's 12 years old. Look at the ages of these defendants in the reported cases, Judge Wilkinson. They are all young. If they weren't below, if they weren't minors, we wouldn't be talking about child pornography. I don't know that the... I'm sorry. No, go ahead. The fact that these cases you cite to have this something more doesn't necessarily demand that that is a floor. It just means that we haven't had these set of facts. Judge Diaz, you may be right and that may be in fact how you so hold. My concern is that when I read the depiction and then you go to Application Note 5 and Application Note 5 quite candidly says this should be construed broadly. At some point, however, it seems to me that what the guideline and what the Application Note are saying is that there have to be occasions where simply photographs aren't enough. Otherwise, otherwise the broadly, to be construed broadly, phrase swallows up every factual setting that should ever come before a court. And we ought to just simply say, C1 shouldn't even be there. You have photographs. That's it. This enhancement applies. But it doesn't say that. To be fair, the court did consider far more than simply the existence of the photographs in this case. Actually, I don't believe that's correct, Judge Thacker, because if you go back to paragraphs 11, 12, and 13 and you look at Judge Norton's statement at paragraph, excuse me, at, let's see, Your Honor, I apologize real quickly. If you go to the Norton site, excuse me, Joint Appendix 101, Volume 1, Judge Norton said, I believe Ms. Gillum, and he's refer, he refers back to paragraphs 11, 12, and 13. If you look at those paragraphs, paragraph 11 speaks of abuse of Amanda Cooley, not Ms. Gillum, and it speaks to where Amanda Cooley found the photographs which were under a rug in a closet in Mr. Cox's house. If you go to paragraph 12, paragraph 12 speaks to Amanda Cooley being sexually abused by my client and that he would demand that she bring Ms. Gillum with her and required the girls to sleep in the same bed. So far, we haven't gotten to anything involving for the purpose. Paragraph 13 involves Ms. Gillum. She states that she was the girl in the photos. Well, that goes to identity and there's no, there's no dispute that she is the girl in the photos. That the defendant took those photos beginning when she was 12. Again, there's no dispute to that. That the defendant would give her and Amanda liquor and put stuff in their drinks to make them feel better. She does not say this was so that she would allow photos or sex or both. She and the defendant had sexual intercourse. That's true. That supports a conclusion that drugs and drink were present so she would have sex with him, but it doesn't go to taking pictures. That the defendant would masturbate and ejaculate after taking the photos. That doesn't support a taking of the photos. She says that my client gave her money. That doesn't go to for the purpose. And finally, she says my client threatened to abuse her younger sister. Again, if this phrase for the purpose is to mean anything, there is nothing in this record that supports that the sexual conduct was for the purpose of producing the 46 pictures. Now, I grant you, if you reach out to a section in the record that was not cited by the district court, not cited by the probation office, cited in one sentence in the government's brief and not in the victim's impact statement, you'll get there. But if you go back to the cases where this court has reached out, you'll find that those cases are very different than what was present in this case. We may, if you agree with me, you'll remand this case for re-sentencing. And the government, at that point in time, may put Ms. Gillum up on the stand. If I make everything into a question of I understand, Judge Wilkinson, and you matter. I don't. But my point is this. The only thing we've got here are the photographs. All right. I think we've been over that. Yes, Your Honor. We thank you. Thank you. Thank you, Your Honors. I'm Peter Phillips. I'm with the U.S. Attorney's Office in the Charleston Division, the District of South Carolina, here on behalf of the government. And I won't belabor the issues that we raise in our brief and that the court has raised today. We believe the sole issue here is whether Mr. Cox, in causing the victim to engage in sexually explicit conduct, had a purpose. It doesn't have to be the only purpose. We believe, based on Hughes in the Ninth Circuit, Garcia in the Tenth, and Beese in the Seventh, that it was a purpose for creating a visual depiction of that conduct. The district court's ruling and the record, the court's not bound only by the district court's ruling. It can find anything in the record that supports the findings. So there are items outside of the specific ruling in those paragraphs of the pre-sentence report that I will touch on briefly. But if you just look at the district court's ruling and then consider the record, the cross-reference was I'll start with Mr. Hale. What do you need more than the actual pictures themselves? There's no dispute that the same individual, Mr. Cox, took all the pictures. And we have the pictures. There's no question, you know, there's no dispute that somebody else required that she posed. It seems to me, primarily, there doesn't seem to me to be a third party entering into this situation that would have been the more culpable and would have mitigated Cox's culpability in any way. Given that we know these things, that they haven't been disputed, he took the pictures, no third party was involved. What more do you need than these two people were interacting in this thoroughly deplorable way, at least from the standpoint of the adult involved in it. I mean, it seems to me an inference to draw from the materials before district court. I don't understand why it isn't simple, straightforward case of a factual finding. Nobody contends the district court applied the wrong guidelines provision or whatever. It's just a straightforward factual finding and I wonder whether it isn't here under clearly erroneous standards. We have cautioned against trying to pick apart district court sentencing determination by taking factual findings and somehow trying to treat them as de novo matters. And I don't understand why it isn't just a perfectly straightforward application of a guidelines provision. It's the very sort of situation that the framers of the guidelines would have had in mind. If the framers of the guidelines didn't have this in mind, I don't know what was on their mind. Your Honor, the government would agree and we do think it was a factual determination and the clearly erroneous standard would apply. And I would just note that Mr. Haley points out, I would disagree with Mr. Haley that all we relied on was the pictures themselves. I would note for the record though, I don't want there to be any confusion. The pictures were not, I went back and checked, I don't recall making them exhibit at the sentencing. I handled this case below. Whether the fact that they met the standard under the statute of sex for explicit conduct was not disputed and therefore I didn't make them, I made a choice and you had the victim involved, I made the choice not to make them an exhibit in the case. So I don't want the court to be confused that the district court had the pictures where they could inspect them. But the facts behind the picture, the nature of the pictures, and that's what I was getting at, the very, yes sir, the nature of the pictures themselves. I think there are instances that you can establish the purpose by the nature of the pictures themselves and this would be one. Yes sir. Um, the guilty plea just to be clear to uh, in fairness, the defendant was, was for the possession. Um, that was part of the plea bargain was for the possession of the pictures. He did not plead to the production and then hence their cross reference. But it would have still had to describe the pictures as child pornography and described sexually the sexually explicit conduct. Yes, your honor. And in the, in the colloquy did uh, and he accepted that the facts set forth by the government, uh, that the pictures involved the majority of those pictures, they're all nude pictures, but the majority of them uh, constituted sexually explicit conduct, specifically the display of the, of that area of the child. So um, the pictures themselves in this instance where they're just a child in the picture nude and, and clearly posing uh, in the pictures that in, in and of itself, I think this is a case where that would be enough to show the purpose. A child, a 12 year old child typically does not think the court was reasonable to infer the 12 year old child would not be, do that. No, we're reaching the point where we're going around and around and around. Um, let me ask my colleagues if they have anything further. We don't have anything further. Thank you. All right. Thank you. Thank you, your honor. A couple of things I want to address. First off, I don't want this court to be under any misconception. The photographs in this case were child pornography. No question about it. Secondly, Judge the one thing I would point out is elements of a crime are always factually based. And so how could it be anything but both de novo and clear error? We know what the elements were. We know what the elements were, but what we don't know is whether or not they were met as a factual matter. The elements were satisfied. Well, in that case, then, both in this case, we're trying to decide whether or not Judge Norton applied the correct law and found the facts. So we have both de novo and a clear error review. Finally, I would invite this court take a look at the cases of Crandon VZ Garcia and Hughes. Look at those facts compare those facts to this case. Thank you. Thank you. You are going on to the next. Like, come down. Greek Council move into
judges: J. Harvie Wilkinson III, Albert Diaz, Stephanie D. Thacker